UNITED STATES DISTRICT COURT FOR THE

MIDDLE DISTRICT OF LOUISIANA

SCOTT J. BUTLER                                                CIVIL ACTION NO. 12-420
    Plaintiff,

VS.                                                            MAGISTRATE JUDGE: DALBY

STATE OF LOUISIANA,
LOUISIANA DEPARTMENT OF
PUBLIC SAFETY AND CORRECTIONS,
LOUISIANA STATE POLICE AND
CAPTAIN TOM MADDEN                           JUDGE: JACKSON
    Defendants.

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL**

MAY IT PLEASE THE COURT:

I.     INTRODUCTION

In this ADA claim, Scott Butler is seeking damages for disability discrimination, invasion of privacy, violation of FMLA, and violation of his right to equal protection. (Rec. Doc. #1-3). Plaintiff's disability, if any, is an emotional/psychiatric[1] condition, and Plaintiff's psychiatric records are germane to the substantive issues. Despite this fact, Butler is refusing to produce his psychiatric records. Defendants see herein an order compelling the plaintiff to produce his records.

II.     FACTUAL BACKGROUND

On June 4, 2012, Plaintiff Scott Butler filed suit against the Department of Public Safety (DPS), the Louisiana State Police (LSP) and the head of Troop G, Captain Tom Madden. Butler alleges that he does not have a disability, but that the Defendants perceived him to have a disability and discriminated against him. Specifically, Butler alleges that the Defendants unreasonably subjected him to an orientation that was too long, asked the officer conducting his ride-alongs to document his behavior, and subjected him to a fitness for duty exam (Rec. Doc #1-3, ¶5).

---

[1] Chronic and severe Obsessive Compulsive Disorder.

On August 6, 2012, the Defendants propounded written discovery to the Plaintiff[2], to which the Plaintiff responded on October 4, 2012.[3] The Plaintiff objected to the following Interrogatories and Requests for Production, to which the Defendants seek to compel a response:

### INTERROGATORY NUMBER 7:

Identify each and every medical provider that treated you for any psychiatric problems, including counselors and psychologist, in the last 10 years.

### REQUEST FOR PRODUCTION NUMBER 5:

Please produce certified copies of any and all medical records and reports of any and all healthcare providers, including but not limited to, hospital records, doctor, chiropractor, physical therapy, psychological and counseling records, reports, notes, charts and bills pertaining to your alleged injuries and/or treatment or examination of the injuries and/or treatment or examination of the injuries alleged by you as a result of the incident described in your Complaint.

### REQUEST FOR PRODUCTION NUMBER 7:

Please produce the attached duly executed and fully completed Authorization for Release of Protected Health Information.

The Plaintiff objected to these requests on the grounds of relevance, claiming that he is not seeking emotional distress damages and that protected health information is not relevant to any claim or defense.[4] The Plaintiff further elucidated his objection in correspondence, claiming that his psychiatric records are subject to the psychotherapist-patient privilege, *Jafee v. Redmond*, 518 U.S. 1 (1986). The Plaintiff's psychiatric records and history are discoverable because the Plaintiff has identified psychiatrist, Dr. James Patterson as a witness.[5] Furthermore, the Plaintiff's psychiatric condition is the principle factual issue which is probative of whether the Plaintiff has a condition that renders him unable to perform the essential functions of his job, i.e. a disability under the ADA.

The Defendants contend that the Plaintiff has waived his privilege. However, prior to discussing the waiver, some additional background information on Butler's claims is necessary.

---

[2] Exhibit A: Interrogatories and Requests for Production.
[3] Exhibit B: Plaintiff's responses to Interrogatories and Requests for Production.
[4] See Exhibit B.
[5] Exhibit C: Plaintiff's Initial Disclosures

Butler became a State Trooper in September of 2000. He served as a patrolman with Troop G for seven years, when he was transferred to the Bureau of Investigations. In November of 2010, per Trooper Butler's request, he was transferred back to Troop G as a patrolman. Soon after Butler's transfer back to Troop G, he began exhibiting behavior that called into question his ability to safely and effectively perform his duties as a trooper. As a result, Butler was required to remain in the training program for additional time under observation of senior troopers and he underwent a fitness for duty exam by a DPS psychologist. Butler alleges that these actions violated his rights because they were an unreasonable invasion of his privacy, unlawful discrimination, and a violation of his right to equal protection.

Scott Butler brought suit against the Defendants, but is refusing to produce records that are directly relevant and central to his claims and the Defendants' defenses to those claims. The Plaintiff has waived any privilege to his psychiatric records because he has placed his psychiatric condition, or alleged lack thereof, at issue. See *United States v. Bishop,* No. 97-1175, 1998 WL 385898, (6th Cir. July 1, 1998).

### III.  Law And Argument

#### A.  ADA Claim

The Defendants are asserting at least 3 defenses against the Plaintiffs' ADA claim. First, the Defendants deny that they "regarded" Butler as disabled under the ADA. Second, any employment decisions were made for legitimate, non-discriminatory business reasons. Third, Butler's behavior posed a direct threat to the health and safety of others in the workplace. Butler is asserting that the Defendants were completely unreasonable in requiring him to participate in additional training and undergo a fitness for duty exam. Defendants based these decisions on Butler's behavior, which demonstrated that he could not safely perform the duties of a State Trooper and that his behavior subjected himself, his co-workers and the public to unnecessary danger.

If Butler has an impairment that is substantially limiting, Butler cannot be "regarded as disabled" under the ADA.[6] Butler's psychiatric records will indicate the extent of his psychiatric condition, which is relevant to Butler's burden of proof and the Defendants' defenses. Butler psychiatric records are centrally relevant as to whether he could be "regarded as disabled" as defined by the ADA and alleged by Butler.

The Defendants also intend to present evidence that their decisions were based on legitimate business concerns. The Plaintiff has alleged that the Defendants decisions were not legitimate.[7] Butler listed Dr. James Patterson, his treating psychiatrist, as an expert witness on his initial disclosures.[8] Presumably, the Plaintiff intends to use Dr. Patterson to prove that his psychiatric condition is under control and does not impact his ability to do his job. The Defendants are entitled to Dr. Patterson's records in order to challenge his opinions.

Despite Butler's assertions to the contrary, these records will most likely support the Defendants' position that Butler suffered from a psychiatric condition that compromised his ability to safely perform the duties of a patrolman. The records will show that Butler, in fact, suffered from a psychiatric condition. The records will most likely show that that Butler, himself, recognized that his condition was interfering with his ability to safely and competently perform his job. The Plaintiff cannot allege that the Defendants were completely unreasonable by questioning his ability

---

[6] One is regarded as having a substantially limiting impairment if the individual: (1) has an impairment which is not substantially limiting but which the employer perceives as constituting a substantially limiting impairment; (2) has an impairment which is substantially limiting only because of the attitudes of others toward such an impairment; or (3) has no impairment at all but is regarded by the employer as having a substantially limiting impairment. *See Dutcher v. Ingalls Shipbuilding,* 53 F.3d 723, 727-28 n. 19 (5th Cir.1995) (quoting 29 C.F.R. § 1630.2(*l*)(1)-(3)).

[7] To demonstrate a "pretext for discrimination," the plaintiff must show both that the employer's stated reason for its actions is false and that prohibited discrimination was the real reason for the employer's decision. *See St. Mary's Honor Ctr.,* 509 U.S. at 515, 113 S.Ct. 2742; *Travis,* 122 F.3d at 263; *Swanson v. General Servs. Admin.,* 110 F.3d 1180, 1185 (5th Cir.), *cert. denied,* 522 U.S. 948, 118 S.Ct. 366, 139 L.Ed.2d 284 (1997); *Louisiana Office of Community Servs.,* 47 F.3d at 1443.

to safely perform his duties, yet refuse to produce records that most likely show that his allegations are untrue.

### B. Invasion of Privacy

Invasion of privacy is a tort based on Louisiana Civil Code Articles 2315 *et seq*. The reasonableness of the defendant's conduct in a breach of privacy action is determined by balancing the plaintiff's interest in protecting his privacy from serious invasions with the defendant's interest in pursuing his course of conduct." *Daly v. Reed*, 95-2445, p. 2 (La.App. 4 Cir. 2/15/96); 669 So.2d 1293, 1294. Butler's psychiatric records will show that that the Defendants were entirely reasonable to believe that he suffered from a condition that interfered with his ability to be a State Trooper patrolman. Butler cannot allege that the Defendants unreasonably invaded his privacy by requiring him to submit to a fitness for duty exam, yet shield the records that support the reasonableness of the Defendants' actions.

### C. FMLA Claim

Butler alleges that the Defendants interfered with his FMLA rights by "forcing him to use FMLA leave when he had no condition that required the use of leave" (Rec. Doc. #1-3, ¶10). It is not contrary to the FMLA for an employee to be placed on "involuntary FMLA leave." *Willis v. Coca Cola Enterprises, Inc*, 445 F.3d 413. The FMLA's implementing regulations allow an employer to place an employee on involuntary FMLA leave so long as the employee is eligible "by virtue of having taken a qualified absence from work". *Id.* So long as the employee is eligible for leave under the FMLA, it is immaterial whether it is the employee or the employer who triggers the FMLA leave. *Id.*

Butler is making an "involuntary-leave theory," alleging that the Defendants violated his FMLA rights by forcing him to take FMLA leave when he did not need to do so. An involuntary-leave claim is really a type of interference claim. An employee may have a claim under § 2615(a)(1) when an employer forces an employee to take FMLA leave when the employee does not have a

"serious health condition" that precludes him from working. *See Hicks v. Leroy's Jewelers, Inc.*, No. 98-6596, 2000 WL 1033029, at *3-4 (6th Cir. July 17, 2000) (unpublished), *cert. denied,* 531 U.S. 1146, 121 S.Ct. 1084, 148 L.Ed.2d 959 (2001).

Accordingly, in order to prove his claim of FMLA interference, the Plaintiff **must** show that he does not possess a "serious health condition" as defined by the FMLA. The Defendants contend that Butler does have a serious health condition, for which he sought ongoing treatment. The Plaintiff's psychiatric records will prove that Butler does not have a FMLA interference claim. Again, the Plaintiff cannot allege that the Defendants violated the FMLA, yet refuse to disclose records that prove that the Defendants did not violate the FMLA.

### D.     Equal Protection/§1983

A plaintiff asserting an Equal Protection claim under 42 U.S.C. § 1983 based on disability discrimination is asserting a "class of one" Equal Protection claim, to which the courts apply rational basis analysis. *Price v. City of New York,* 264 Fed. Appx. 66, 68 (2d Cir.2008). "[T]he Supreme Court [has] recognized an equal protection claim based on a 'class of one.' To establish such a claim, the plaintiff must show that (1) he or she was treated differently from others similarly situated and (2) there was no rational basis for the disparate treatment." *Stotter v. Univ. of Tex. at San Antonio,* 508 F.3d 812, 824 (5th Cir.2007) (citing *Vill. of Willowbrook v. Olech,* 528 U.S. 562, 564, 120 S.Ct. 1073, 1074, 145 L.Ed.2d 1060 (2000)).

To prevail on his §1983 claim, the Plaintiff must show that there was no rational basis for the Defendants' actions. As discussed above, the Defendants' employment decisions were based on a legitimate concern that Butler's psychiatric condition compromised the safety of the Plaintiff, his co-workers and the public. Butler's psychiatric records will show that the Defendants concerns were not imagined or untrue and that there was indeed a rational basis for the Defendants' treatment of the Plaintiff.

## IV.  CONCLUSION

The Plaintiff waived any privilege that he held by filing suit against the Defendants and placing his psychiatric condition at issue. Accordingly, Defendants request that this Honorable Court issue an Order compelling the Plaintiff to respond to Interrogatory No. 1, Request for Production No. 5 and Request for Production No. 7.

Respectfully submitted:

FORRESTER & DICK
Attorneys at Law
4981 Bluebonnet Boulevard
Baton Rouge, LA  70809
Telephone:   225-928-5400
Facsimile:    225-928-7733

By:      s/Amy E. Newsom
         Shelly D. Dick (18865)
         Amy E. Newsom (30650)

*ATTORNEYS FOR STATE OF LOUISIANA, THROUGH THE LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, OFFICE OF STATE POLICE AND CAPTAIN TOM MADDEN*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 12th day of November, 2012 a copy of the foregoing *Memorandum in Support of Motion to Compel* was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to counsel of record by the operation of the court's electronic filing system.

/s   Amy E. Newsom
**AMY E. NEWSOM**