UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| SCOTT BUTLER | CIVIL ACTION |
| VERSUS | NO. 12-420-BAJ-RLB |
| STATE OF LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, et al | |

# ORDER

Before the Court is Plaintiff's Motion to Compel (R. Doc. 51), filed on June 30, 2014. In his Motion, Plaintiff asks the Court to compel a non-party, Matrix, Inc., to produce documents previously requested by Plaintiff through Rule 45 subpoenas. (R. Docs. 51-9, 51-10). Plaintiff has advised the Court that Matrix has served written objections (R. Doc. 51-12) to his second subpoena (R. Doc. 51-10). Therefore, Plaintiff now seeks a Court order compelling production.

Rule 45(d)(2)(B)(i) of the Federal Rules of Civil Procedure states: "At any time, *on notice to the commanded person*, the serving party may move the issuing court for an order compelling production or inspection." (emphasis added). In other words, a court may not order compliance with a subpoena under Rule 45, unless the subpoenaed party and the parties to the action have first been provided notice of the motion to compel. *See Beare v. Millington*, No. 07-3391, 2010 WL 234771, at *5 (E.D.N.Y. Jan. 13, 2010) ("[T]here is no indication that plaintiffs served the motion to compel upon [the non-parties]. Thus, the motion to compel is denied without prejudice to renewal."); *Davis v. Brown*, No. 12-1906, 2013 WL 1933850, at *2 (E.D.N.Y. May 9, 2013) (denying pro se plaintiff's Rule 45 motion to compel against non-party

because "there is no proof that the [non-party] was ever served with this motion."); *Patrick Collins, Inc. v. Joan Does* 34-51, No. 11-2143, 2012 WL 993379, at *1-2 (S.D. Cal. March 23, 2012) (noting that Rule 45(d)(2)(B)(i) requires notice to the responsive party of the motion to compel); David D. Siegel, *Federal Subpoena Practice Under the New Rule 45 of the Federal Rules of Civil Procedure*, 139 F.R.D. 197, 230 (1992) (Rule 45(d)(2)(B)(i) "is designed to assure that a nonparty servee be notified; it does not dispense with service of the notice of motion on the parties as well, which Rule 5(a) . . . requires for papers generally.").

Here, the record does not indicate that the non-party, Matrix, Inc., has been served with a copy of Plaintiff's Motion to Compel, as required by Rule 45(d)(2)(B)(i). Therefore,

**IT IS ORDERED** that Plaintiff shall serve Matrix, Inc. with a copy of the Motion to Compel no later than **July 23, 2014**. Plaintiff shall **file proof of service** with the Court no later than **July 25, 2014**.

Signed in Baton Rouge, Louisiana, on July 17, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**