UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| SCOTT BUTLER | CIVIL ACTION |
| VERSUS | NO. 12-420-BAJ-RLB |
| STATE OF LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, et al | |

**RULING ON PLAINTIFF'S MOTION TO COMPEL**

Before the Court is Plaintiff's Motion to Compel (R. Doc. 50) Defendant's responses to Plaintiff's Request for Production Nos. 2, 10 and 25. Defendant filed an Opposition to the Motion to Compel (R. Doc. 57). For the reasons set forth below, the Motion is **GRANTED IN PART AND DENIED IN PART.**

Rule 26(b)(1) of the Federal Rules of Civil Procedure allows a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." A relevant discovery request seeks information that is "either admissible or reasonably calculated to lead to the discovery of admissible evidence." *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1484 (5th Cir.1990) (quoting Fed. R. Civ. P. 26(b)(1)). Nonetheless, a party may withhold otherwise discoverable information on the basis of privilege. Fed. R. Civ. P. 26(b)(1).

A.  **Request for Production No. 25**

Plaintiff first seeks a copy of the "entire grievance record" related to Plaintiff's grievance filed against Kevin Baxter. (R. Doc. 50-1 at 4). Plaintiff contends that on April 25, 2014, Defendant supplemented its response to Request for Production No. 25 by stating: "None, other

than documents previously exchanged by the parties." (R. Doc. 50-1 at 4). Plaintiff explains the response is deficient because State Police Policy Order No. 219(6)(III) requires "a record of the entire written grievance [to] be submitted to the Human Resources Director and all parties involved in the grievance procedure" at the conclusion of the grievance. (R. Doc. 50-1 at 5). Because Plaintiff never received a complete grievance record, in discovery or otherwise, Plaintiff contends the response is deficient.

Defendant, however, responds that it has submitted all documents in its possession, specifically those bates numbered DPS 2022-2053, relating to Plaintiff's grievance. (R. Doc. 57 at 3). Defendant further clarifies that "[t]here is nothing further to produce in relation to the grievance" because the process was "interrupted" by the conflicts arising from Plaintiff's second FFDE order, "and it never resumed." (R. Doc. 57 at 3).

While the Court understands Plaintiff's position, at the same time, it cannot compel Defendant to produce documents that do not exist. To the extent Defendant has made a good faith effort to investigate its case, and therefore has produced all responsive documents,

**IT IS ORDERED** that Plaintiff's Motion to Compel is **DENIED** as to Request for Production No. 25.

### B. Request for Production No. 10

Plaintiff's Request for Production No. 10 asks for email communications,[1] "between the employer, including any agents and employees of the employer, with Matrix, Incorporated, or any agent, employee, or psychologist working for or with Matrix, Incorporated, including, but not limited to communications with Cary D. Rostow." (R. Doc. 50-1 at 3). On its face, this request is not limited to communications involving Plaintiff and would cover communications

---

[1] Documents other than emails would also be responsive to this request. However, the issues raised by Plaintiff in his Motion to Compel are limited to email communications responsive to Request for Production No. 10.

2

far beyond the permissible scope of discovery. The arguments of the parties, however, assume such a restriction and those arguments are limited to those communications that concerned Plaintiff. In the Motion, Plaintiff explains that he did not receive any email communications, nor was he informed that emails were withheld, in response to this request. (R. Doc. 50-1 at 3). In response to a third party subpoena, Plaintiff later received from Matrix, Inc., email communications "exchanged between LSP and Matrix" that concerned Plaintiff. (R. Doc. 50-1 at 4). Therefore, Plaintiff contends that responsive emails must exist, but that Defendant has provided none.

Defendant responds that its employee, Captain William R. Davis, testified that he only had limited communications with Matrix about Plaintiff. (R. Doc. 57 at 3). Those communications were produced in discovery by Matrix, Inc. in response to Plaintiff's Rule 45 subpoena. (R. Doc. 57 at 3). Moreover, Matrix's 30(b)(6) deponent testified that beyond the emails already produced, Matrix did not have any other communications with Defendant that relate to Plaintiff. (R. Doc. 57 at 3-4). Defendant likewise confirms that it is unaware of "any additional email exchanges between DPS and Matrix relative to Plaintiff."

Based on the parties' representations, and the over-reaching nature of the request, the Court must deny Plaintiff's request as it relates to Request for Production No. 10. While Defendant should have produced the emails that were eventually provided by Matrix, Defendant has represented, and Matrix's 30(b)(6) deponent has confirmed, that no other emails exist. In other words, there is nothing for the Court to compel. Beyond that, Plaintiff's request is overly broad and unduly burdensome. The scope of Request for Production No. 10 is neither temporally limited, nor is it limited to communications between certain employees of either

Defendant or Matrix. Most importantly, it is not limited to communications concerning Plaintiff. For these reasons,

**IT IS ORDERED** that Plaintiff's Motion to Compel is **DENIED** as to Request for Production No. 10.

### C. Request for Production No. 2

Request for Production No. 2 asks Defendant to "provide a copy of all <u>documents</u> concerning Plaintiff created or maintained for personnel purposes, regardless of when, or by whom, the <u>documents</u> were created or maintained." (R. Doc. 50-1 at 3). Plaintiff indicates that Defendant has never produced emails responsive to Request for Production No. 2. Plaintiff insists that e-mails must exist because "emails exchanged between LSP and Matrix, Incorporated about Butler and emails exchanged between Defendant Tom Madden and a supervisor about Butler were produced to Butler's counsel by Matrix" (R. Doc. 50-1 at 4).

Plaintiff, however, is assuming without justification that the emails received from Matrix would have likewise been "created or maintained for personnel purposes" by Defendant. This limitation to the request was imposed by Plaintiff. There is nothing in the record to indicate that those emails would have been maintained in Plaintiff's personnel file and the Court will not assume that every email about the Plaintiff was "created or maintained" for personnel purposes.

In response, Defendant points out that it "has produced over two thousand five hundred (2500) documents in the course of this litigation," including Plaintiff's "entire personnel file . . . for the 13 years he was employed with DPS. All email communications contained in plaintiff's personnel file were produced." (R. Doc. 57 at 4). Defendant also maintains the request is overly broad as it seeks email communications relating to Plaintiff throughout his 13 year employment.

(R. Doc. 57 at 4). The Court agrees. The scope of the request, which spans over 13 years and is not limited to communications between certain individuals, is overly broad. Nonetheless,

**IT IS ORDERED** that Plaintiff's Motion to Compel is **GRANTED** as to Request for Production No. 2 to the extent there are any emails that were part of Plaintiff's personnel file or any emails otherwise "created or maintained for personnel purposes" but have not been produced.[2] Those emails must be produced within **7 days** of this Order.

Each party shall bear its own costs in bringing and opposing this Motion to Compel.

Signed in Baton Rouge, Louisiana, on August 6, 2014.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　**RICHARD L. BOURGEOIS, JR.**
　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

---

[2] The Court does not have sufficient information to presume that all emails "created or maintained for personnel purposes" would have necessarily been made a part of Plaintiff's personnel file. If that is the case, then there may not be any additional emails to produce.