UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SCOTT J. BUTLER                                         CIVIL ACTION

VERSUS

STATE OF LOUISIANA, LOUISIANA                           NO.: 12-00420-BAJ-RLB
DEPARTMENT OF SAFETY AND
CORRECTIONS, ET AL.

## RULING AND ORDER

Before the Court is **Defendants'** *Daubert* **Motion to Exclude the Testimony of Dr. James C. Patterson and Theresa Stewart (Doc. 66)**, filed by the State of Louisiana, Louisiana Department of Safety and Corrections, Louisiana State Police, and Captain Tom Madden, seeking an order from this Court excluding the testimony of Dr. James C. Patterson and Theresa Stewart. The motion is unopposed.

Also before the Court is **Defendants' Motion in Limine to Exclude Hearsay Statements from Timothy Gray, Mark Keogh, and Eric Schonfarber (Doc. 86)**, filed by the State of Louisiana, Louisiana Department of Safety and Corrections, Louisiana State Police and Captain Tom Madden, seeking an order from this Court limiting testimony of Plaintiff's witnesses regarding hearsay evidence. The motion is unopposed.

Finally, also before the Court is **Plaintiff's Motion in Limine to Restrict the Testimony of Dr. Cary Rostow (Doc. 85)**, filed by Scott J. Butler, seeking an

order from this Court prohibiting any testimony by Dr. Cary Rostow concerning the January 2013 fitness for duty examination. Defendants oppose the motion. (Doc. 90).

I. Background

This is an employment discrimination action brought by Scott J. Butler ("Plaintiff") against his former employer, the State of Louisiana, Louisiana Department of Safety and Corrections, Louisiana State Police, and against his supervisor, Captain Tom Madden, (collectively, "Defendants") pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* (Doc. 9, Doc. 36). Specifically, Plaintiff alleges that Defendants violated the ADA by ordering him to undergo two unwarranted fitness for duty evaluations — the first in February of 2011 and the second in January of 2013 — and later terminating his employment after he refused to submit to the second FFDE in January of 2013 because of a perception that he was disabled. (Doc. 9, Doc. 36). Plaintiff has also sued for violations of the Louisiana Peace Officer's Bill of Rights, La. R.S. 40:2531 *et seq.*, and his right to privacy. (Doc. 1-3, Doc. 36). Plaintiff seeks declaratory and injunctive relief, including damages for back pay, lost future earnings, lost benefits, lost future benefits, and reinstatement, as well as costs and attorney's fees. (Doc. 1-3, Doc.9, Doc. 36). Defendants deny all liability. (Docs. 3, 10, 40).

III. Discussion

   A. Defendants' *Daubert* Motion to Exclude Testimony of Dr. James C. Patterson and Theresa Stewart

Under Federal Rule of Evidence 702[1], courts are assigned a gatekeeping role to determine the admissibility of expert testimony. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993) ("before certifying an expert and admitting his testimony, a district court must ensure that the requirements of Federal Rule of Evidence 702 have been met."); *see also Paz v. Brush Engineered Materials, Inc.*, 555 F.3d 383, 388 (5th Cir. 2009). The court must find that the evidence is both relevant and reliable before it may be admitted. *Daubert*, 509 U.S. at 592-93.

To do so, the court must evaluate whether the reasoning and methodology underlying the testimony is valid and can be reliably applied to the facts of the case. *Id.* Ultimately, the district court must strive to ensure that the expert, "whether basing testimony on professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an

---

[1] Federal Rule of Evidence 702 states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
>   (a)   the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
>   (b)   the testimony is based on sufficient facts or data;
>
>   (c)   the testimony is the product of reliable principles and methods; and
>
>   (d)   the expert has reliably applied the principles and methods to the facts of the case.

3

expert in the relevant field." *Valencia*, 600 F.3d 389, 424 (5th Cir. Tex. 2010) (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999)).

Here,[2] Defendants argue that *Daubert* should be applied to exclude Dr. James C. Patterson's ("Dr. Patterson") and Theresa Stewart's ("Nurse Stewart") testimony concerning their medical opinions of Plaintiff's fitness for duty on the grounds that neither has specialized knowledge of FFDEs in the law enforcement context, and neither considered the functions of a state trooper in making their assessment. (Doc. 66-1 at pp. 5-7). Defendants further contend that there is no evidence in the record regarding the methodologies or principles used by Dr. Patterson or Nurse Stewart in their examination.

In their motion, Defendants anticipate that Plaintiff will assert that "Patterson's and Stewart's role at trial is simply to authenticate their reports and introduce them into evidence." (Doc. 66-1 at p. 5). Plaintiff has not filed an opposition to the instant motion, nor did he submit expert reports for either witness. (*See* Doc. 66-5 at pp. 1-2).

Assuming then that Defendants are correct that Plaintiff will call Dr. Patterson and Nurse Stewart solely for authentication purposes, Defendants' motion is not properly the subject of a *Daubert* inquiry. The testimony of treating medical professionals and the authentication of documents prepared as a response

---

[2] At the outset, it is worth reiterating that Plaintiff's cause of action for discrimination is asserted under the "regarded as" prong of the ADA. *See* 42 U.S.C. § 12102(2). As the Court has previously clarified, whether an individual is actually disabled "is not relevant to coverage under . . . the 'regarded as' prong." 29 C.F.R. § 1630.2(j)(2). If Plaintiff does not intend to present evidence beyond that which was known to Defendants at the time of the alleged adverse employment actions, then inquiry into the methodology, testing, and principles relied upon by Dr. Patterson and Nurse Stewart in providing Plaintiff's treatment seems both unnecessary and irrelevant.

4

to or in the course of treatment is not subject to the strict requirements of Rule 702 and *Daubert*. Those more exacting standards are justified because experts are typically "permitted wide latitude to offer opinions, including those that are *not based on firsthand knowledge or observation.*" *Daubert*, 509 U.S. at 592 (citing Fed. R. Evid. 702-703). Testimony offered by a treating physician made pursuant to firsthand knowledge or observation is of a different caliber.

Treating physicians are not required to submit an expert report under Rule 26. *See* Fed. R. Civ. P. 26(a)(2)(B) advisory committee's notes, 1993 Amendments (treating medical professionals may be "called to testify at trial without any requirement for a written report"). *See, e.g., Boudreaux v. J.P. Morgan Chase & Co.*, No. 07-555, 2007 WL 4162908, at *2 (E.D. La. Nov. 21, 2007); *Knorr v. Dillard's Store Servs. Inc.*, No. 04-3208, 2005 WL 2060905, at *3 (E.D.La. Aug. 22, 2005) ("A treating physician may testify to his opinions about a plaintiff's injuries if his testimony is based on knowledge acquired during the course of his treatment of the plaintiff . . . . A written report is therefore not required for a treating physician whose testimony and opinions derive from information learned during actual treatment of the patient, rather than from subsequent evaluation as a specially retained expert."). *See also See Salas v. United States*, 165 F.R.D. 31, 33 (W.D.N.Y. 1995) ("The relevant question is whether . . . treating physicians acquired their opinions as to the cause of the plaintiff's injuries directly through their treatment of the plaintiff."); *Mangla v. Univ. of Rochester*, 168 F.R.D. 137, 139 (W.D.N.Y. 1996) ("Experts are retained for purposes of trial and their opinions are based on

5

knowledge acquired or developed in anticipation of litigation or for trial. A treating physician's testimony, however, is based on the physicians [sic] personal knowledge of the examination, diagnosis and treatment of a patient and not from information acquired from outside sources."). Thus, under certain circumstances, a treating physician is more properly characterized as a fact witness, not an expert. *See, e.g., Sutton v. United States*, No. 91-1777, 1992 WL 116061 (E.D. La. May 6, 1992).

In the instant case, the proposed testimony is not that of a treating physician, but rather of a treating psychiatrist and certified psychiatric clinical nurse specialist. However, the principle is the same. Dr. Patterson and Nurse Stewart, if called, will testify based on personal knowledge, and not from information acquired from outside sources. Their opinions, memorialized in their respective reports, may be relevant and admissible at trial. Contrary to Defendants' assertions otherwise, the mere fact that these experts are not specially trained in evaluating fitness for duty for law enforcement positions does not render their assessments of the Plaintiff's irrelevant or inadmissible. To the extent that Defendants question the reliability of Dr. Patterson or Nurse Stewart's evaluation of Plaintiff given the absence of any law enforcement specific training, they can attempt to point out any such alleged flaws on cross-examination at trial.

Accordingly, because the Court finds that the *Daubert* analysis does not apply to the factual testimony of Plaintiff's treating psychiatrist and certified psychiatric clinical nurse specialist, Defendants' Motion in Limine to exclude Dr. Patterson's and Nurse Stewart's testimony is denied.

B. **Defendants' Motion in Limine to Exclude Hearsay Statements from Eric Schonfarber, Tim Gray, and Mark Keough**

Defendants' Motion seeks to limit testimony of Eric Schonfarber, Tim Gray, and Mark Keough, who Plaintiff *may* call as witnesses who *might* testify about statements made by people other than themselves. Although Defendants' provide copies of the witnesses' deposition testimony, it is not clear that such statements constitute hearsay, as they might not be introduced to show the truth of the matter asserted; nor is it clear that such statements, if determined to be hearsay, will not fall under a recognized exception.

Importantly, a motion in limine is not intended to substitute for effective advocacy at trial. Under Rule 802, hearsay is not admissible. However, there are many exceptions to the bar against hearsay. *See* Fed. R. Evid. 801, 803-805. These rules must be applied in the context of a specific statement to properly determine whether a hearsay statement is being made and/or whether an exception exists. Thus, the Court will not preemptively exclude factual testimony that may not in fact be inadmissible. Any such attempt to introduce hearsay evidence must be evaluated pursuant to the Federal Rules of Evidence on the opposing party's timely objection. Accordingly, Defendants' motion in limine is denied without prejudice.

C. **Plaintiff's Motion In Limine to Restrict Testimony of Dr. Cary Rostow**

Plaintiff's Motion seeks to limit Dr. Cary Rostow's ("Dr. Rostow") testimony such that he only addresses the referral for the first fitness for duty examination ("FFDE"), his performance of that February 2011 examination, and his subsequent

report. (Doc. 85-1 at p. 1). Plaintiff's request includes restricting Dr. Rostow's consideration of documents and information to only that which was available to him at the time of the February 2011 FFDE. (*Id.* at p. 2).

In opposition, Defendants essentially reiterate the same arguments made in support of their Motion to Extend Defense Expert Deadlines (*see* Doc. 82). (Doc. 90 at pp. 4-5). However, this Court has previously overruled Defendants' Objection to the Magistrate Judge's denial of their Motion to Extend Defense Expert Deadlines. (*See* Doc. 99). Pursuant to this ruling, any supplemental report submitted by Defendants' after the discovery deadline is untimely, and therefore, inadmissible. Accordingly, Dr. Rostow's testimony shall be limited to his initial report, as well as any and all documents and information available to him at the time of its drafting.

IV. Conclusion

IT IS ORDERED that Defendants' *Daubert* Motion (Doc. 66) is **DENIED**.

IT IS FURTHER ORDERED that Defendants' Motion In Limine to Exclude Hearsay Statements (Doc. 86) is **DENIED WITHOUT PREJUDICE**.

IT IS FURTHER ORDERED that Plaintiff's Motion In Limine to Restrict Testimony (Doc. 85) is **GRANTED**.

Baton Rouge, Louisiana, this 16th day of December, 2014.

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA